#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  **DENISE GREEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **CIV-22-** 764-PRW |
| | ) | |
| 1.  **DESIGN READY CONTROLS, INC.,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | **ATTORNEY LIEN CLAIMED** |

### COMPLAINT

**COMES NOW** the Plaintiff, Denise Green, and for her Complaint against Defendant, Design Ready Controls, Inc., alleges and states as follows:

### PARTIES

1. Plaintiff, Denise Green ("Plaintiff"), is an adult female resident of Oklahoma County, Oklahoma.

2. Defendant is Design Ready Controls, Inc. ("Design Ready"), is an entity doing business in and around Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on claims of race discrimination, harassment, the creation of a hostile work environment, and retaliation in violation of 42 U.S.C. §1981.

4. Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331.

5. Defendant is located in Oklahoma County, and all acts complained of occurred in or around Oklahoma County. Oklahoma County is located within the Western District of the United States District Court of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

6. Defendant operates control panel manufacturing facilities across the United States.

7. Plaintiff, who is Black, was employed with Defendant for nearly seven (7) years, working at its manufacturing facility in Oklahoma City, Oklahoma, from on or about December 8, 2014, until on or about August 17, 2021.

8. Plaintiff was initially hired as an Electric Assembly Worker by then-Operations Manager Sergio Sabat, but was entrusted with other roles and responsibilities thereafter.

9. Her last position was as a Power Wirer II/Principal Assembler II.

10. Throughout her lengthy (near 7 year) tenure, Plaintiff satisfactorily performed her job.

11. Not only was she charged with increasing responsibilities, but she regularly received merit pay increases, as well as positive performance evaluations.

12. In fact, she received a "meets overall requirements" rating on her last performance evaluation (issued to her on or about January 8, 2021).

13. The evaluation also reflects she "exceed[ed]" expectations in the areas of safety and attendance and specifically noted that she "[w]orks well with others[.]"

14. Despite her good work performance and the admission that she works well with others, on or about August 17, 2021, Human Resources Representative Patricia Minor, who is believed to be Hispanic, told Plaintiff she was fired, stating that Plaintiff was "toxic" and had "too many problems with management."

15. Significantly, the day before Plaintiff was fired, Plaintiff had complained to Minor and Production Supervisor Mike Rodriguez (who is Hispanic) of a Hispanic co-worker calling her a "n*****" and attempting to assault her.

16. Particularly, on or about August 16, 2021, the co-worker had approached Plaintiff, unjustly accusing Plaintiff of taking pictures of her.

17. Plaintiff explained that she was not taking pictures, but was looking for an audio-sermon podcast (which employees were allowed to do) on her phone.

18. The Hispanic co-worker became enraged, calling Plaintiff a "n*****" and got in Plaintiff's face as though she was going to hit Plaintiff.

19. Concerned for her safety, Plaintiff reported the incident to Production Supervisor Mike Rodriguez who acted disinterested and failed to take any responsive action.

20. Plaintiff also reported the incident to Minor who told Plaintiff she would look into it.

21. However, the only action Minor took was to fire Plaintiff over the phone the next day.

22. After her termination call, Plaintiff received a termination letter signed by Minor which accused Plaintiff of violating Company Work Rules 12 and 17 (which relate to disrespectful behavior toward a co-worker).  Not only is such accusation not true and pretext, it is different than the reason Minor stated on the termination call with Plaintiff.

23. In addition, Defendant had a progressive disciplinary policy that was not followed in terminating Plaintiff.

24. This was not the first time Plaintiff had been exposed to a racially hostile work environment at work. In fact, for years, she was subjected to racism, particularly beginning in or around late-2016, after Ramiro Rodriguez, who is Hispanic, was hired as the Plant Manager, and Mike Rodriguez began as the Production Supervisor.

25. After the change in management, Plaintiff (who was the only Black female employee at the OKC location) was constantly singled out, verbally chastised about her work

without justification, and treated to less favorable terms, conditions and privileges of employment as compared to her similarly-situated Hispanic co-workers.

26. In fact, in or around 2018, a Hispanic female supervisor, believed to be related to Plant Manager Ramiro Rodriguez, sent a text with a picture to Plaintiff's co-workers.

27. When Plaintiff saw some of her co-workers laughing at something on their phone, she asked why they were laughing. They showed Plaintiff the picture - a "black face" fudge popsicle. They told Plaintiff the supervisor was saying the "black face" fudge popsicle was Plaintiff.

28. Plaintiff was also subject to more stringent work hours and standards than her Hispanic counterparts. Mike Rodriguez often overloaded Plaintiff with work and told her that she needed to work faster, though he allowed his Hispanic subordinates to loaf at work, performing minimal tasks as compared to Plaintiff.

29. He also repeatedly required Plaintiff to stay late at work, while allowing her Hispanic co-workers to go home; verbally admonished her when requesting leave, while allowing her Hispanic co-workers to take leave without issue; and assigned her less favorable work tasks, such as, emptying trash significantly more often than her Hispanic peers.

30. Mike Rodriguez and other Hispanic supervisors and staff hovered over Plaintiff, invaded her personal space, and followed her around, even to the restroom. When she would exit the restroom, Mike Rodriguez or other Hispanic staff would be standing at the door without reason, laughing, smirking and watching her. And, when she went to her car at lunch, Mike Rodriguez and/or other Hispanic staff followed her and watched as she ate her lunch.

31. Plaintiff was also locked outside the building on one occasion, and numerous other times, she found bugs placed in her work station – incidents which her Hispanic peers

did not experience.

32. Plaintiff was also often passed over for assignment to other positions and duties that allowed for promotional opportunities without reason, which were given instead to less qualified and tenured Hispanic workers.

33. And, despite possessing equal skills and abilities, and performing equal work, Plaintiff was paid less and not given equal pay raises to that of her similarly-situated Hispanic co-workers.

34. After management changed (around 2016), there was a significant lack of diversity, and Black males working at the same location were unjustly criticized about their work, forcing them out of their employment.

35. Plaintiff complained to Human Resources (to Minor and others) a number of times about the racism she and other Black employees suffered, but the conduct continued.

36. Upon belief, following her termination, Plaintiff was replaced by a non-Black individual.

37. As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries as described hereafter.

## COUNT I:  42 U.S.C. § 1981 Violations

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

38. The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race-based discrimination, harassment, the creation of a hostile work environment, and retaliation.

39. Plaintiff is entitled to relief because she is Black; she was qualified for her job; she was fired; and her job was not eliminated.

40. Plaintiff is also entitled to relief because Plaintiff is Black, she possessed skills, efforts and responsibilities equal to employees who were not Black; and despite these equal skills, efforts and responsibilities, Plaintiff did not receive comparable wages as that paid by Defendant to employees who were not Black.

41. Plaintiff is also entitled to relief due to the fact that when looking at the totality of the circumstances, Plaintiff was subject to harassment/a hostile work environment which was pervasive or severe enough to alter the terms, conditions or privileges of her employment, and the harassment was racial or stemmed from racial animus.

42. Plaintiff is also entitled to relief because she engaged in protected opposition to race discrimination; she suffered an adverse action; and a causal link exists between the protected activity and the adverse action.

43. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

44. Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of Plaintiff and against Defendant and award compensatory damages, back pay, front pay, emotional distress damages, punitive damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this 30th of August, 2022.

s/ Jana B. Leonard
JANA B. LEONARD, OBA #17844
SHANNON C. HAUPT, OBA #18922
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. Walker
Oklahoma City, Oklahoma 73139
(405) 239-3800 (telephone)
(405) 239-3801 (facsimile)
leonardjb@leonardlaw.net
haupts@leonardlaw.net
